Sherpa v. Barr

BIA
Laforest, IJ
A206 310 467

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand nineteen.

PRESENT:
>  JON O. NEWMAN,
>  PETER W. HALL,
>  MICHAEL H. PARK,
>      *Circuit Judges.*

_____

TASNI SHERPA, AKA TASSI SHERPA,
AKA TASI SHERPA,
     *Petitioner,*

     v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

17-3933
NAC

_____

FOR PETITIONER:     Khagendra Gharti-Chherty, New York, NY.

FOR RESPONDENT:     Chad A. Readler, Acting Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel;

Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tasni Sherpa ("Sherpa"), a native and citizen of Nepal, seeks review of a November 14, 2017, decision of the BIA affirming a March 6, 2017, decision of an Immigration Judge ("IJ") denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tasni Sherpa,* No. A 206 310 467 (B.I.A. Nov. 14, 2017), *aff'g* No. A 206 310 467 (Immig. Ct. N.Y. City Mar. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on demeanor . . ., the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Sherpa was not credible as to her claim that Maoists threatened and beat her in Nepal on account of her affiliation with the Nepali Congress Party ("NCP").

The agency reasonably found Sherpa's testimony evasive and unresponsive when asked to deviate from information and dates provided in her asylum application, which gave the

3

impression that she was testifying from a script. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (recognizing that particular deference is given to the trier of fact's assessment of demeanor and finding it reasonable for an IJ to base an adverse credibility determination on a finding "that the applicant is testifying from a script rather than from experience"). The IJ's observations are supported by the record, which reveals that Sherpa repeatedly avoided answering questions regarding how many times Maoists came to her house and could recall that she fled to Kathmandu in 2002, which was a date provided in her application, but could not recall that Maoists began coming to her house that same year, a date not provided in her application.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Sherpa omitted from her credible fear interview her claim that she was assaulted by Maoists for her support of the NCP. The agency properly relied on this omission because it was the sole persecutory event that Sherpa alleged

4

and is a fact that "a credible petitioner would reasonably have been expected to disclose," particularly given that she was asked if she had been harmed by Maoists. *Hong Fei Gao*, 891 F.3d at 78-79; *see Ming Shi Xue v. BIA*, 439 F.3d 111, 114 (2d Cir. 2006) (providing that the agency may rely on "inconsistencies that are 'dramatic'—that is, sufficiently conspicuous and central to the applicant's claim as to be self-evident" without soliciting an explanation). Sherpa's challenge to the reliability of the interview record are unexhausted and therefore not properly before us. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107, 122-24 (2d Cir. 2007) (holding that issue exhaustion is mandatory and noting that the Court "may consider only those issues that formed the basis for [the BIA's] decision"). We note, however, that the record of the interview bears "sufficient indicia of reliability to warrant its consideration by the agency." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). And we do not require the agency to engage in "talismanic references" to the "close examination" of an interview. *Id.* at 725.

Second, the agency reasonably found Sherpa's affidavit and hearing testimony inconsistent with her credible fear

5

interview, during which she stated that she was never personally threatened by Maoists. *See id*. Relatedly, Sherpa made internally inconsistent statements at her interview, which subsequently contradicted her testimony, about whether the Maoists merely knew of her whereabouts, were actively searching for her, or actually found her in Kathmandu. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Third, Sherpa asserted that she was not a member of the NCP but then produced a card that stated she was an active member of the party. *See id.* Sherpa did not compellingly explain this inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Given Sherpa's demeanor and the multiple record inconsistencies, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination was dispositive of asylum, withholding of

removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left:50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

</div>